## Connor v. Smith.

(Decided December 17, 1929.)

BRADLEY & BRADLEY for appellant.

FORD & FORD for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Affirming.

Mrs. Laura Connor was the owner of a flour mill which had been idle for several years. On October 15, 1927, by writing, she leased it to the appellee, Burgess Smith. It was agreed that Smith should overhaul and put in condition the machinery, the expense of which was to be considered the first year's rental. Mrs. Connor agreed to put the buildings in repair. The lease gave Smith the option to purchase the property during its term for $12,500, and he was also given the right to continue in possession at the rate of $600 per annum after the first year.

Alleging that Mrs. Connor had breached her contract by failing to put the property in repair and refusing to let him do so at her expense, Smith, on May 11,

1928, instituted this suit against her, claiming damages to his stock of flour, loss of time and profits, the expenses incurred in repairing the machinery, and a small sum in repairing the windows. There was a conflict in the evidence as to whether or not Mrs. Connor had put the property in repair, and also as to whether or not Smith had suffered damages to his stock by reason of the leaky roof and walls, Smith proved that he had expended $603.89 in overhauling the machinery, and placed his damage to his stock at $500. The court properly gave no consideration to his claim for lost time and profits.

On March 19, 1928, Smith, having previously made several vigorous complaints about Mrs. Connor's failure to repair the building, wrote her that he could not continue the operation of the mill because of her failure to keep the contract, and that he was quitting and surrendering the property. It was admitted that Mrs. Connor owed an open account of $42.60, and Smith admitting owing her $297.96 for 220 bushels of wheat. However, Mrs. Connor claimed he owed her $410.40 for 304 bushels.

The jury returned a verdict for the plaintiff in the sum of $502.31, on which judgment was entered, and from which this appeal is prosecuted.

While we cannot discover the calculation by which the sum of $502.31 was arrived at by the jury, it is equivalent to $757.67 when the admitted items are considered. The evidence amply sustains the sum awarded, and the claim that the verdict is contrary to the evidence is untenable.

The principal ground relied on for reversal is that the court erred in instructing the jury that they might find for plaintiff the difference, if any, between the fair and reasonable rental value of the buildings in the condition they were in during the term of occupancy and the fair and reasonable rental value thereof in the condition they would have been in if they had been repaired; and in another instruction authorizing the jury to award as damages the difference between the market value of plaintiff's flour at the time of its injury, if any, and the condition it was in immediately afterward. It is insisted by the appellant that this permitted the recovery of double damages. Without deciding as to plaintiff's right to recover for both elements of damage, or which is the correct measure, it is apparent that the defendant was not prejudiced. The amount expended by the plaintiff in repairing the machinery ($603.89) was considered

as rental for the first year. The jury found that the defendant had breached her contract, and he was therefore entitled to recover substantially seven-twelfths of that sum or about $350 for the time between his surrender of the lease and its expiration. The jury was not authorized to take this item into consideration as it should have been. If either of the items of damage should have been eliminated from the instructions, it would have been equalized by this one. Under section 756, of the Civil Code of Practice, this court is not authorized to reverse a judgment except for an error prejudicing the substantial rights of a party complaining thereof.

The judgment is accordingly affirmed.